UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RALPH ASALA,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED WATER RESOURCES, INC.,**<br><br>Defendant. | MASTER FILE: 08-CV-1806 (WJM)<br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

Stuart Jon Bierman
Law Offices of Stuart Bierman
27 Warren Street
#301
Hackensack, NJ 07601

(*Counsel for Plaintiff*)

Brett M. Anders
Jackson Lewis LLP
East Tower, 7th Floor
220 Headquarters Plaza
Morristown, NJ 07960-6844

(*Counsel for Defendant*)

**WILLIAM J. MARTINI, U.S.D.J.:**

      Defendant, who is Plaintiff's employer, has filed a motion to dismiss Plaintiff's complaint. The complaint seeks to vacate an arbitration award rendered in favor of Defendant and against Plaintiff's union on the grounds that the union failed to properly represent Plaintiff. Defendant primarily argues that if Plaintiff has any claim, it is against Plaintiff's union, not Defendant. The Court agrees. Accordingly, Defendant's motion to

dismiss is **GRANTED**.

I.   FACTS AND PROCEEDINGS[1]

This litigation stems from an arbitration over Plaintiff's discharge from his employment with Defendant. Plaintiff was an employee of Defendant. (Compl. ¶ 1.) In this capacity, he was also a member of an employee bargaining unit represented by a union. (Compl. ¶ 3.) Defendant terminated Plaintiff for reasons not relevant to this appeal. (Compl. ¶ 2.) Plaintiff then challenged this termination pursuant to the grievance procedure contained in a collective bargaining agreement ("CBA") between the union and Defendant. (Compl. ¶¶ 3–5.) As per the CBA, the challenge resulted in arbitration of the dispute, at which the union selected and paid an attorney to represent Plaintiff. (Compl. ¶ 4.) The arbitrator found Defendant had terminated Plaintiff for just cause. (Compl. ¶ 5.)

Plaintiff now files this complaint against Defendant seeking to vacate the arbitration decision. (Compl.) Plaintiff alleges that the attorney his union selected did not properly represent him at the arbitration. (Compl. ¶ 5.) Specifically, Plaintiff alleges that the attorney withheld arguments that might benefit him but hurt other union members in the future. (Compl. ¶ 5.) Plaintiff asserts that the attorney did so to ensure that the union would continue to select him for future disputes. (Compl. ¶ 5.)

Defendant now moves to dismiss Plaintiff's complaint for failure to state a claim

---

[1]As this is a motion to dismiss, the Court will take the facts as alleged in the complaint and view them in the light most favorably to Plaintiff.

upon which relief can be granted. (Mem. of Law in Supp. of Def.'s Mot. to Dismiss.) Primarily, Defendant argues that if Plaintiff has any claim, it is only against Plaintiff's union. (Mem. 6–8.)

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court should dismiss a claim if the pleadings fail to state a cause of action. To survive a Rule 12(b)(6) motion to dismiss, the pleadings must set forth factual allegations sufficient to raise the probability of a right to relief above pure speculation. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964–65 (2007). In reviewing a motion to dismiss, the Court will draw "all reasonable inferences in the plaintiff's favor." Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998).

## III.  DISCUSSION

Plaintiff's complaint fails to name an appropriate defendant. Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, provides the closest vehicle for Plaintiff's requested relief.[2] That section allows employees to vacate arbitrations between their union and their employer where the union breaches its duty of fair representation to the employee.[3] See Chauffeurs, Local No. 391 v. Terry, 494 U.S. 558,

---

[2]Plaintiff brings this motion to vacate pursuant to N.J.S.A. § 2A:24-8(a). (Compl. ¶ 7). However, as the opinion above explains, section 301 provides the appropriate vehicle for Plaintiff's challenge.

[3]While employees normally lack standing to vacate an arbitration between their union and employer, see Vosch, 734 F.2d at 154, they may have standing if they can prove that their union engaged in conduct that breached its duty of fair representation. Id.

3

564 (1990); Vosch v. Werner Continental, Inc., 734 F.2d 149, 154 (3d Cir. 1984). Naturally, the proper defendant in such a case is the union. See Vosch, 734 F.2d at 154–55.  Here, Plaintiff's complaint appears to assert a claim against the union that it breached its duty of fair representation.  Indeed, Plaintiff now appears to concede that this is the gravamen of his complaint.[4]  But Plaintiff named only his employer as a defendant—not his union.  Accordingly, the Court must dismiss Plaintiff's complaint.

Plaintiff requests to amend his complaint to add the union as a Defendant, but the Court denies this request as futile.  See Winer Family Trust v. Queen, 503 F.3d 319, 330–31 (3d Cir. 2007) (holding that although district courts should freely grant leave to amend, leave is unnecessary if amendment would be futile).  The District of New Jersey has held that to establish a fair representation claim, a plaintiff must allege two elements: "(1) that the union acted in an arbitrary, discriminatory, or bad faith manner, and (2) such conduct seriously undermined the arbitration process."[5] Morales v. P.F. Labs., Inc., No. 00-150, 2000 WL 33678049, at *2 (D.N.J. Aug. 3, 2000).  The Third Circuit has further

---

[4]For example, Plaintiff states that "Plaintiff will, of course, move to amend the Complaint in Federal Court to add the Union or join it to this action although I believe that by reviewing the original Complaint and the attempted Amended Complaint and the contents of this opposition it is very clear that the Plaintiff does assert that the Union breached its duty of fair representation." (Mem. of Law. in Opp'n to Def.'s Mot. to Dismiss 15.)

[5]Employees may also move to vacate arbitration awards under section 301 if the arbitration was a sham, substantially inadequate, or substantially unavailable, Morales, 2000WL 33678049, at *2, but the facts here do not support such a finding, nor does Plaintiff make such an argument.

held that to violate the duty of fair representation, "it is necessary that the union act with a bad faith motive." Medlin v. Boeing Vertol Co., 620 F.2d 957, 961 (3d Cir. 1980).

Here, Plaintiff has not alleged that his union acted with bad faith (or in an arbitrary or discriminatory manner), so his complaint does not state a section 301 claim even against his union. Plaintiff's only allegation is against his attorney for failing to raise his strongest argument at the arbitration. (Compl. ¶ 5.) Although Plaintiff argues that counsel was "unduly influenced by the union," there is no allegation that the union acted knowingly or in concert with counsel. (Opp'n 18.) There is certainly no indication that the union acted in any manner that was arbitrary, discriminatory, or in bad faith. Accordingly, the Court denies Plaintiff's request to add the union as a defendant.

## IV. CONCLUSION

Plaintiff's complaint fails to state a claim upon which relief can be granted. Accordingly, Defendant's motion is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. An Order accompanies this Opinion.

                s/ William J. Martini
                William J. Martini, U.S.D.J.